January 25th 1820, the Judges delivered their opinions.
Judge Coaxtek.
I am of opinion that there is no error in the decree appealed from, and which dissolves the Injunction as it regards the debts created by the intestate of the appellants with Shelton and Harris and Charles Smith, for the different sales of stock by the latter to the former; it not appearing that there was usury in either of those transactions.
As to the debt of $2400 formerly due to Shelton and Harris, and which has been paid off, if usury existed in that case, the appellants, on proving it, or on it’s being confessed by the appellee Harris, should a further answer from him be required by the Court of Chancery, will be entitled to a decree for the usurious interest, as they will also be for the usurious gain in the other transactions, should they hereafter prove usury in them,
The Decree must therefore be affirmed,
Judge Brooke concurred.
Judge Roane.
It will be inferred from my opinion delivered in the case of Taylor v. Bruce,(1) the other day, that I distinctly admit the right of a party to sell property, such as Bank shares, at whatever price is agreed on. The transaction becomes usurious, only when the object is to borrow money, and not purchase stock, and the price of the stock is graduated as a device to effect that purpose; or where there is a combination between the seller of the stock on credit, and the purchaser for eash; as, for example, in this case, between Smith and Shelton and Harris. Such a combination or connection, is explicitly disavowed in this case, and is not proved:— *484 nor is it in any manner proved, that the purpose lor which the parties met was to borrow money rather than buy stock. The contrary is not only shewn by the answers 0f Harris, but it is explicitly proved by Nowell that Greentiow’s purpose was not to borrow money, but t° purchase Stock. So much for the purchase of stock.
As for the note for §2400, it is said the injunction has not been applied for, or granted, as to the Deed securing the payment of it. If it liad, it would readily have been perpetuated on the admission of Harris, that that debt has long since been paid. As to it, the transaction is said to be closed. If it had been paid by merely being carried into the other debts, it might deserve a different consideration:—but that idea is explicitly reprobated by the repeated answers of Harris, that that debt ivas wholly unconnected with the sales of stock.
Although, therefore, it is possible, and even probable, that these transactions were founded in usurious views on the part of all the parties, we can not say so upon this record, and therefore I concur in opinion that the decree be affirmed.
Decree affirmed unanimously.

 The case of Taylor v. Bruce was re-considered, and not, fina-W decided until June 1820.